# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1405 | **DATE** | 4/10/2003 |
| **CASE TITLE** | United States Fidelity etc. Vs. Cler Construction etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for a preliminary injunction is granted in part and denied in part. Defendants are ordered to post within seven days collateral sufficient to hold plaintiff harmless from the claims against the bonds.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | APR 11 2003 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, a Maryland corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 03 C1405 |
| CLER CONSTRUCTION SERVICES, INC., an Illinois corporation, PRECISE INDUSTRIAL SERVICES, INC., an Illinois corporation, EDWARD H. FORTE, CORDIA R. FORTE, and ROLAND G. SIMON, | ) ) ) ) ) ) ) | DOCKETED APR 1 1 2003 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States Fidelity and Guaranty Insurance Company (USF&G) brought suit against defendants alleging breach of a surety contract. Plaintiff then filed a motion seeking a preliminary injunction requiring specific performance of the agreement. For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff issued performance and payment bonds on behalf of defendant Cler Construction Services, Inc. (Cler), securing Cler's obligations to perform construction work under a subcontract with Osman Construction Corporation (Osman). As part of the surety agreement between USF&G and Cler, defendants executed contracts on August 14, 2000, and November 26, 2001, agreeing to indemnify USF&G from any and all liability arising from claims on the bonds. These agreements specifically provided:

4. The UNDERSIGNED shall indemnify SURETY and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature (including premiums and fees due for the issuance and continuance of any BOND or BONDS) which the Surety may sustain, incur or become liable for by reason of having executed or procured the execution of any BOND or BONDS, or by making any investigation of any matter concerning any BOND or BONDS, or by prosecuting or defending any action in connection with any BOND or BONDS, or by recovering any salvage or enforcing this Agreement...

5(A) At SURETY's sole discretion, SURETY may demand and upon SURETY's demand, the UNDERSIGNED shall deliver over to SURETY collateral security acceptable to SURETY and equal in value to any reserve set up by SURETY to cover any contingent losses and any subsequent increase thereof. SURETY shall return to the UNDERSIGNED any unused portion of collateral upon termination of the liability of SURETY on any BOND or BONDS and satisfaction by the UNDERSIGNED of its obligations to SURETY under this Agreement ....

* * * *

7. The UNDERSIGNED shall furnish to the SURETY such information as it may request concerning any BONDED CONTRACT, and the CONTRACTOR hereby authorizes those with whom such contracts are made to furnish to the SURETY all information concerning such contracts and the work thereunder. The SURETY may from time to time, in its sole discretion, examine the books and records of the CONTRACTOR.

In September 2002, Osman asserted a claim against the bonds based on defaults in performance by Cler. Other claimants have subsequently demanded payments on the bonds. USF&G has demanded that defendants indemnify it from these claims but defendants have refused. Plaintiffs now seek the entry of a preliminary injunction order requiring defendants to post collateral to hold USF&G harmless from any losses attributable to the claims; provide a full accounting of all assets; allow USF&G access to records; and freeze all assets to assure that they are available for creditors.

## DISCUSSION

We will grant a motion for preliminary injunction only if plaintiffs demonstrate a likelihood of prevailing on the merits, that they have no adequate remedy at law, and that they will suffer irreparable harm if we do not grant the relief. Promatek Industries, Ltd. v. Equitrac Corp., 300 F.3d 808, 811 (7th Cir. 2002). If they meet these threshold requirements, we then balance the harm that a wrongfully-granted injunction would cause the defendants against the harm that a wrongfully-denied injunction would cause the plaintiff. *Id.* Finally, we weigh the potential harms that the injunction will have on the public. *Id.*

Plaintiff clearly demonstrates a likelihood of prevailing on the merits as defendants offer no defense to plaintiff's breach of contract claim. There is no dispute as to the terms of the surety agreement or as to whether defendants have fulfilled their part of the bargain. Defendants' only argument is that plaintiff itself, rather than Osman or one of the other obligees, discovered the allegedly defective work. They claim that there was dispute over whether defendants needed to use a licensed surveyor under the terms of the subcontract. Following this dispute, Osman declared a default and plaintiff performed an inspection of defendants' work, discovering the defaults. This does not excuse defendants from payment under the terms of the surety agreement. In executing the contract, defendants promised to indemnify plaintiff for all losses arising from claims against the bonds. Moreover, the contract explicitly provides that plaintiff may demand that defendants post collateral.

Plaintiff's claim is in the nature of a *quia timet* action. Such an action allows a court, in this situation, to impose an equitable remedy if plaintiff can show that debts are due, the

principal refuses to pay them, and that, if they refuse to pay or perform, the surety will become liable. Western Cas. and Sur. Co. v. Biggs, 217 F.2d 163, 165 (7th Cir. 1954). *See also* Restatement (Third) of Suretyship & Guaranty § 21(2), comments j, k and l. Moreover, such an action recognizes that any subsequently available legal relief is inadequate and that a plaintiff would suffer irreparable harm when forced to defend a lawsuit absent the contractually promised indemnity. *See* United Fire & Cas. Co. v. Coggeshall Const. Co., 1991 WL 169147, *2 (C.D. Ill. 1991). To find otherwise would remove plaintiff from the security position for which it bargained. *See* United States Fidelity & Guar. Co. v. Feibus, 15 F. Supp. 2d 579, 588 (M.D. Pa. 1998). Plaintiff is entitled to protect itself by receiving preliminary injunctive relief ordering the defendants to perform pursuant to the contract.

Balancing the potential harms leads us to grant the injunction in this case. Any funds posted by the defendants can be easily returned by plaintiff if they are not needed to defend the claims or pay on the claims. If the injunction is wrongfully denied, however, plaintiff will be forced to use its own resources to defend claims against alleged defaults of the defendants despite defendants' promises to the contrary. Finally, public policy also encourages protecting the surety and specifically enforcing explicit promises.

There is no apparent reason however to order an accounting or to freeze all of defendants' assets at this point. If defendants are ordered to post collateral and do so, plaintiff's interests will be adequately protected. There will be no irreparable harm in forcing plaintiff to wait until a full hearing before investigating defendants' finances. Likewise, the harm in wrongfully allowing such an invasion into defendants' business outweighs the

potential benefit of allowing such an inspection at this point in the litigation.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is granted in part and denied in part. Defendants are ordered to post within seven days collateral sufficient to hold plaintiff harmless from the claims against the bonds.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 10, 2003.