Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1405 | **DATE** | 10/31/2003 |
| **CASE TITLE** | UNITED STATES FIDELITY AND GUARANTY vs. CLER CONSTRUCTION SERVICES, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment is granted. All pending dates and motions are now moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 0 3 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | NOV 0 3 2003 date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES FIDELITY AND )
GUARANTY INSURANCE COMPANY, a )
Maryland corporation, )
)
       Plaintiff, )
)
  vs. ) No. 03 C 1405
)
CLER CONSTRUCTION SERVICES, INC., an )
Illinois corporation, PRECISE INDUSTRIAL )
SERVICES, INC., an Illinois corporation, )
EDWARD H. FORTE, CORDIA R. FORCE, )
and ROLAND G. SIMON, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff United States Fidelity and Guaranty Insurance Company (USF&G) brought this action against the defendants alleging breach of a surety contract seeking damages and equitable relief. Plaintiff filed a motion pursuant to Fed.R.Civ.P. 56 seeking summary judgment as to all counts. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

Plaintiff USF&G issued performance and payment bonds on behalf of defendant Cler Construction Services, Inc. (Cler) securing Cler's obligations to perform construction work under a subcontract with Osman Construction Corporation (Osman). As part of the surety agreement between USF&G and Cler, defendants executed contracts on August 14, 2000, and November 26, 2001, agreeing to indemnify USF&G from any and all liability arising from claims on the bonds. These agreements specifically provided:

4.The UNDERSIGNED shall indemnify SURETY and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature (including premiums and fees due for the issuance and continuance of any BOND or BONDS) which the Surety may sustain, incur or become liable for by reason of having executed or procured the execution of any BOND or BONDS, or by making any investigation of any matter concerning any BOND or BONDS, or by prosecuting or defending any action in connection with any BOND or BONDS, or by recovering any salvage or enforcing this Agreement...

5.(A) At SURETY's sole discretion, SURETY may demand and upon SURETY's demand, the UNDERSIGNED shall deliver over to SURETY collateral security acceptable to SURETY and equal in value to any reserve set up by SURETY to cover any contingent losses and any subsequent increase thereof. SURETY shall return to the UNDERSIGNED any unused portion of collateral upon termination of the liability of SURETY on any BOND or BONDS and satisfaction by the UNDERSIGNED of its obligations to SURETY under this Agreement...

7.The UNDERSIGNED shall furnish to the SURETY such information as it may request concerning any BONDED CONTRACT, and the CONTRACTOR hereby authorizes those with whom such contracts are made to furnish to the SURETY all information concerning such contracts and the work thereunder. The SURETY may from time to time, in its sole discretion, examine the books and records of the CONTRACTOR.

On September 4, 2002, Osman declared Cler to be in default of its obligations and made an immediate demand for payment upon the bonds. Plaintiff accordingly notified the defendants of the claims and requested that they comply with the terms of the indemnity agreements by holding USF&G harmless and posting sufficient collateral. When defendants failed to do so, USF&G took control of the project, hiring a completion contracting company that tendered satisfactory performance to Osman. In doing so, plaintiff allegedly incurred costs of $164,094.64, but has yet to be reimbursed by the defendants.

USF&G filed a motion for a preliminary injunction, seeking to compel specific performance of the contract. While this motion was granted in part, U.S. Fidelity & Guaranty

Ins. Co. v. Cler Const. Services, Inc., 2003 WL 1873926 (N.D. Ill. April 11, 2003), defendants have thus far failed to comply with this court's order.

## DISCUSSION

Our function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

The suretyship agreement is clear on its face, requiring defendants to indemnify plaintiff for any and all costs incurred while securing Cler's obligations. It is undisputed that defendants have failed to perform their obligations as required by the contract. As a matter of law, therefore, plaintiff has established its right to the relief that it seeks.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 31, 2003.